**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| EARRIOUS MOORE and EBONY GILMORE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>HEALTHCARE SERVICES GROUP, INC., a Pennsylvania corporation,<br><br>*Defendants*. | Case No. 17-cv-08163 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant Healthcare Services Group, Inc. ("HCSG" or "Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant respectfully states as follows:

**I.  THE STATE COURT ACTION.**

1. On October 11, 2017, Plaintiffs Earrious Moore and Ebony Gilmore initiated this civil lawsuit against Defendant in the Circuit Court of Cook County, Illinois, by filing a class action complaint captioned *Moore, et al. v. Healthcare Services Group, Inc.*, No. 2017 CH 13658 (the "State Court Action"). A copy of the Complaint filed in the State Court Action is attached hereto as Exhibit 1.

2. HCSG was served with a copy of the summons and complaint in the State Court Action on October 12, 2017. A copy of Plaintiff's summons and proof of service is attached hereto as Exhibit 2.

3. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1).

4. By their Complaint, Plaintiffs contend that HCSG violates the Illinois Biometrics Information Privacy Act, 740 ILCS 14/1, *et seq.* (the "BIPA"), through the use of fingerprint technology. (*See* Ex. 1, Compl. ¶¶ 5, 21-25, 31-37, 39-46, 52-65.) Specifically, Plaintiffs allege that Defendant collects, stores, uses and retains employee biometric information (here, fingerprints) when the employees clock in or out of work without first providing a written policy, obtaining informed written consent or making public its retention policy. (*See id.* at ¶¶ 5, 21, 34-25, 32-34, 42-44, 60-64.) Based on those allegations, Plaintiffs assert claims, in both their individual and representative capacities, for violation of the BIPA and negligence. (*See generally* Ex. 1.)

5. Plaintiffs seek, on behalf of themselves and a putative class, various forms of relief including (i) injunctive relief "as is necessary to protect the interests of the Class, including an Order requiring HCSG to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA," (ii) statutory damages, and (iii) attorneys' fees and costs. (*See id.* at 15.)

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

6. Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. Here, removal is proper because this Court has diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(a)(1). *See Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 781 n.3

(7th Cir. 2015) (recognizing that the district court had jurisdiction over a class plaintiff's claims under both § 1332(a) and § 1332(d)).

8. District courts have original jurisdiction, pursuant to 28 U.S.C. § 1332(a), over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Both requirements are satisfied here.

9. Plaintiff Earrious Moore is a citizen of Illinois. (Ex. 1 ¶ 7.)

10. Plaintiff Ebony Gilmore is a citizen of Illinois. (Ex. 1 ¶ 8.)

11. Defendant HCSG is a Pennsylvania corporation with its principal place of business in Bensalem, Pennsylvania. (*See* Ex.1 ¶ 9; Declaration of Jason Osbeck ("Osbeck Decl.") at ¶ 2, attached as Exhibit 3.)

12. Because both Plaintiffs are from a state different than Defendant, the parties satisfy the diversity requirement of 28 U.S.C. § 1332(a)(1).

13. Among other things, Plaintiffs seek, on behalf of themselves and the putative class, (i) injunctive relief "as is necessary to protect the interests of the Class, including an Order requiring HCSG to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA," (ii) statutory damages and (iii) reasonable attorneys' fees and litigation expenses. (*See* Ex. 1 at 15.)

14. For purposes of assessing the amount in controversy, Plaintiffs' allegations are accepted as true. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

15. In determining whether the jurisdictional threshold amount of $75,000 is satisfied, district courts consider the totality of the relief sought, which "includes monetary damages, attorney's fees, and 'the cost a defendant incurs in complying with injunctive relief.'" *The Home Depot, Inc. v. Ricker*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (quoting *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)).

16. The value of the requested injunctive relief may be calculated based on the cost it would require the defendant to comply. *See, e.g.*, *Synfuel Tech., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006) (recognizing that the Seventh Circuit considers the amount-in-controversy "from either party's perspective" and includes the cost of complying with the requested injunction).

17. As is particularly relevant in this case, courts consider whether a defendant can alter the challenged conduct for an individual customer or if it must perform systemic changes for all customers. *See id.* ("The key jurisdictional issue in this case…is whether [defendant] could alter the . . . practice for an individual customer . . . or if it could comply with the proposed injunction only by undertaking a systemic change of its weighing and billing procedures, a change that would cost the same whether it was made for just one customer or every customer served by the company.").

18. Plaintiffs seek injunctive relief requiring HCSG to implement an entirely new system for clocking employees in and out, unique to the State of Illinois. (Ex. 1 at 15.)

19. HCSG disputes the merits and legal bases for Plaintiffs' claim, as well as the monetary and non-monetary relief they seek. Nevertheless, to provide the injunctive relief sought, HCSG would have to alter its timekeeping equipment and process at its locations throughout

4

Illinois, creating specific policies and guidelines unique to the State of Illinois. (Osbeck Decl. ¶ 7.)

20. More specifically, Plaintiffs' requested relief would require HCSG to (i) create new policies and procedures for all Illinois-based locations, (ii) create state-specific training for Illinois employees regarding the new procedures, (iii) develop and program a new electronic training workflow and reporting mechanism for Illinois employees; (iv) provide training to all supervising staff regarding the new procedures; (v) implement the new timekeeping policies for all current and future Illinois employees, (vi) obtain new consent from all current Illinois employees, and (vii) create and implement manual timekeeping procedures in the interim until the new policies and procedures and re-consenting are in place. Creating and implementing these new procedures would require weeks of time for multiple HCSG employees and would necessitate travel to Illinois by Pennsylvania-based employees to verify that the policies and guidelines were properly implemented. (*Id.* ¶ 8.)

21. As detailed in the accompanying Osbeck Declaration, this would cost HCSG more than $100,000 to implement. (*See id.* ¶¶ 6-8.)

22. Thus, the relief Plaintiffs seek as well as the cost of compliance for Plaintiffs' requested injunctive relief exceeds the $75,000 jurisdictional minimum for diversity cases. *See* 28 U.S.C. § 1332(a).

23. Finally, in addition to injunctive relief, Plaintiffs also seek statutory damages and attorneys' fees and costs, which further evidences that more than $75,000.01 is at issue. (Ex. 1 at 15.)

24. Accordingly, both the diversity and amount-in-controversy prongs are satisfied with respect to HCSG, and removal is therefore proper under 28 U.S.C. § 1441.

### III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

25. HCSG was served on October 12, 2017. (*See* Ex. 2.)

26. This Notice of Removal has thus been filed within thirty days of receipt of the summons and complaint by Defendants, and is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

27. A copy of the Notice of Filing and Notice of Removal, attached hereto as Exhibit 4, will be timely filed with the Clerk of the Circuit Court of Cook County, Illinois, and served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

28. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by HCSG in the State Court Action (other than the summons and Complaint) are attached hereto as Exhibit 5.

29. Venue is proper in this Court under 28 U.S.C. § 1446(a) because it is the district court of the United States for the district and division within which the State Court Action is pending. *See* 28 U.S.C. § 93(a)(1).

30. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

**WHEREFORE**, Defendant Healthcare Services Group, Inc. hereby removes this civil action to this Court.

Dated: November 10, 2017                HEALTHCARE SERVICES GROUP, INC.

                                        By: /s/ David S. Almeida

David S. Almeida
dalmeida@beneschlaw.com
Mark S. Eisen
meisen@beneschlaw.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was filed with the Clerk of the Court and that copies of the foregoing were sent by first-class U.S. mail, postage prepaid, on November 10, 2017, addressed to the following parties:

Jay Edelson
Benjamin H. Richman
Sydney M. Janzen
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654

David Fish
John Kunze
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563

                                                /s/ David S. Almeida