IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EARRIOUS MOORE an EBONY GILMORE, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 17 C 8163 |
| v. ) ) | Judge Amy St. Eve |
| HEALTHCARE SERVICES GROUP, INC., ) ) | |
| Defendant. ) | |

## ORDER

The Court, in its discretion, grants Defendant's motion to stay these proceedings. [12]. Status hearing set for 1/29/18 is stricken and reset to 3/26/18 at 8:30 a.m.

## STATEMENT

On November 10, 2017, Defendant Healthcare Services Group, Inc. ("Healthcare Services") removed this action from the Circuit Court of Cook County, Illinois, Chancery Division, pursuant to the Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441, 1446. Before the Court is Healthcare Services' motion to stay the present lawsuit pending a ruling from the United States Supreme Court in *Epic Systems Corp. v. Lewis,* No. 16-285, 137 S.Ct. 809 (2017) and a ruling from the Illinois Appellate Court in *Rosenbach v. Six Flags*, 2-17-0317 (Ill. App. 2d Dist.) For the following reasons, the Court, in its discretion, grants Healthcare Service's motion.

## LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). Indeed, the Court "has substantial discretion to determine whether to stay proceedings and manage its docket." *Local 743 Int'l. Bhd. of Teamsters v. Rush Univ. Med. Ctr.,* No. 15 C 2457, 2015 WL 6153733, at *3, n. 2 (N. D. Ill. Oct. 19, 2015) (citing *Landis,* 299 U.S. at 254-55). When determining whether to grant a motion to stay, courts consider three factors: "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *In re Groupon Derivative Litig.,* 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012); *see also Tel. Sci. Corp. v. Asset Recovery Sols., LLC,* No. 15 C

5182, 2016 WL 47916, at *2 (N.D. Ill. Jan. 5, 2016). Because the second and third factors are similar, courts often analyze them together. *See Tel. Sci. Corp.,* 2016 WL 47916, at *2. "The court has broad discretion in exercising its authority to stay." *In re Groupon Derivative Litig.,* 882 F. Supp. 2d at 1045-46.

## BACKGROUND

In their Class Action Complaint, Plaintiffs allege that their employer, Healthcare Services, is a leading provider of housekeeping, nutrition, maintenance, and janitorial services to nursing homes, retirement complexes, rehabilitations centers, and hospitals located throughout the United States. (R. 1-1, Class Action Compl. ¶ 1.) Further, Plaintiffs maintain that Healthcare Services uses a biometric time tracking system for its employees, and in doing so, disregards its employees' statutorily protected privacy rights under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"). (*Id*. ¶¶ 2-5.) Specifically, Plaintiffs allege that Healthcare Services requires its employees to have their fingerprints scanned to clock in and out of work. (*Id*. ¶¶ 22, 23.) Plaintiffs contend that despite requiring the use of fingerprint scanned time clocks, Healthcare Services has failed "to inform its employees the extent of the purposes for which it collects their sensitive biometric data and to whom the data is disclosed, if at all." (*Id*. ¶ 24.)

## ANALYSIS

In its motion to stay, Healthcare Services explains that the named Plaintiffs have both signed binding arbitration agreements in which they agreed that the exclusive remedy for any claim related to their employment is individual arbitration. Healthcare Services clarifies that there is uncertainty in the law regarding arbitration clauses with class waivers and that the United States Supreme Court recently heard oral argument on this issue in *Epic Sys. Corp. v. Lewis,* 137 S.Ct. 809 (2017). In part, the Supreme Court is considering whether class and collective action waivers in arbitration agreements violate the National Labor Relations Act ("NLRA"). Prior to the grant of certiorari, the Seventh Circuit held that an arbitration clause which "prohibits any collective, representative, or class legal proceeding" violates Section 7 of the NLRA, 29 U.S.C. § 157. *See Lewis v. Epic Sys. Corp.*, 823 F.3d 1147, 1155 (7th Cir. 2016). Healthcare Services thus argues that instead of wasting judicial resources and overseeing motion practice and discovery, the Court should stay the present matter until the Supreme Court decides this issue.

Specifically, Healthcare Services explains if the Supreme Court holds that class waivers are valid and enforceable in employment arbitration agreements, the scope of discovery in this lawsuit will be significantly narrowed. Healthcare Services maintains that if the parties proceed in this matter until the Supreme Court enters its ruling, the parties would have to conduct class discovery, discovery motions, and class certification briefing, which would require substantial effort that may be unnecessary. Indeed, under these circumstances, granting a stay will simplify issues, streamline pre-trial discovery, and reduce the burden of litigation on the parties and the Court. *See Tel. Sci. Corp.*, 2016 WL 47916, at *5 ("both parties suffer harm by the burdens of potentially superfluous litigation"); *see, e.g., Collins v. NPC, Int'l, Inc.*, No. 17 CV 0312, 2017 WL 4803887, at *3 (S.D. Ill. Oct. 25, 2017) ("The ruling in *Lewis* will have a direct impact on the issues in this case; in just a few months, Plaintiffs will know whether the arbitration clause

they signed is valid. Under these circumstances, the Court finds that staying the case is 'reasonable and prudent.'").

Furthermore, Healthcare Services asserts that the Illinois Appellate Court heard oral argument this month in relation to the meaning of the term "aggrieved" in in the BIPA that could possibly restrict Plaintiffs' ability to bring claims under the Act in *Six Flags v. Rosenbach*. The relevant section of the BIPA states: "Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court or as a supplemental claim in federal district court against an offending party." 740 ILCS 14/20. The Act, however, does not define "aggrieved" and Illinois courts have disagreed as to whether a plaintiff is "aggrieved" by merely providing his fingerprint or if a plaintiff must suffer an injury from a violation of the BIPA to be "aggrieved." *See, e.g., Monroy v. Shutterfly, Inc.,* No. 16 C 10984, 2017 WL 4099846, at *8 (N.D. Ill. Sept. 15, 2017); *McCollough v. Smarte Carte, Inc.,* No. 16 C 03777, 2016 WL 4077108, at *4 (N.D. Ill. Aug. 1, 2016); *Sekura v. Krishna Schaumberg Tan, Inc.,* 2016 CH 4945 (Cir. Ct., Cook Cnty., Ill., Feb. 8, 2017); *Rosenbach v. Six Flags Entm't Corp.,* 2016 CH 13 (Cir. Court, Lake Cnty., Ill., June 17, 2016). In this context, Healthcare Services asserts that the Illinois Appellate Court's decision in *Six Flags v. Rosenbach* will address this issue. Whether Plaintiffs ultimately show that they suffered an injury from a violation of the BIPA directly implicates discovery, if not statutory standing issues. Therefore, staying this action until the Illinois Appellate Court's decision in *Six Flags* would be prudent, especially because the present lawsuit is "in its early stages, which equates to a potential for significant savings for both parties in terms of their time, expenses, and resources required to move forward with this litigation." *Tel. Sci. Corp.*, 2016 WL 47916, at *5.

Last, Plaintiffs do not explain how staying these proceedings would unduly prejudice them. Instead, Plaintiffs argue that binding Seventh Circuit case law prohibits arbitration agreements containing class waiver provisions in employment contracts, and that under these circumstances, the Court should not grant the stay to accommodate Health Services' "hope" that the Supreme Court might overturn unfavorable circuit precedent. As discussed above, the Supreme Court has already heard oral argument on this issue and a decision is forthcoming. That there is a split in the Circuits further indicates that the issue could go either way. As such, this argument is unavailing. Plaintiffs also point out that even if the Supreme Court reverses Seventh Circuit's decision, and the parties engage in arbitration, discovery will still take place under the JAMS Employment Arbitration Rules Plaintiffs' argument fails to take into consideration that if the parties arbitrate, the discovery will not be on a class-wide basis, as discussed above. *See McElrath v. Uber Techs., Inc.*, No. 16-CV-07241-JSC, 2017 WL 1175591, at *6 (N.D. Cal. Mar. 30, 2017) ("Whether this case can proceed as a class action turns squarely on the outcome of the Supreme Court's review of" the circuit split).

Because the rulings in both *Six Flags v. Rosenbach* and *Epic Sys. Corp. v. Lewis* will provide direct guidance on whether Plaintiffs' claims can proceed in federal court, the Court, in its discretion, grants Healthcare Services' motion to stay.

**Dated:** December 21, 2017

                                              **AMY J. ST. EVE**
                                              **United States District Court Judge**